[No. E002039. Fourth Dist., Div. Two. Sept. 5, 1986.]

JERRIE GILBERTSON et al., Plaintiffs and Appellants, v.
M. F. OSMAN et al., Defendants and Respondents.

**COUNSEL**

Joseph Posner for Plaintiffs and Appellants.

Thompson & Colegate, Sharon J. Waters, Fidler & Bell and Thomas S. Hudspeth for Defendants and Respondents.

**OPINION**

**RICKLES, J.**—Plaintiffs Jerrie Gilbertson and Donald Gilbertson, husband and wife, brought this action for damages against defendant M. F. Osman, M. D., and Indio Community Hospital. Jerrie Gilbertson has alleged a cause of action for medical malpractice and Donald Gilbertson a cause of action for loss of consortium. Defendants brought a motion for summary judgment on statute of limitations grounds. The motion was granted and the court also purported to dismiss on its own motion for failure to prosecute. Plaintiffs have appealed from the resulting judgments.

The issues on appeal are whether the court erred in dismissing the action for failure to prosecute, whether the granting of summary judgment was warranted as a sanction for plaintiffs' failure to submit a statement of disputed and undisputed facts, and whether the record supports the granting of summary judgment on statute of limitations grounds.

## FACTS

Jerrie Gilbertson was admitted to Indio Community Hospital under the care of Dr. Osman on April 12, 1979. On the following day Dr. Osman

performed a hysterectomy on Jerrie Gilbertson. A week after the operation, on April 20, 1979, Jerrie Gilbertson noted vaginal leaking of urine and called Dr. Osman's office. She became upset when Dr. Osman did not return her call and she continued to call his office but was not able to speak to him on that day. Her husband, Donald Gilbertson, called Dr. Osman's office on her behalf on the following day. He became upset at the difficulty in reaching Dr. Osman.

Jerrie Gilbertson was examined by Dr. Osman on April 24, 1979, and subsequently was referred to Indio Community Hospital.

On April 30, 1979, Jerrie Gilbertson was in the office of Dr. Mark F. Kaufman when she overheard a conversation between Dr. Kaufman and his nurse during which it was said that her surgical incision was gangrenous, her bladder had been "cut," and the area in question was sutured. Dr. Kaufman told Jerrie Gilbertson there was a hole in her bladder which was not normal with the type of operation Dr. Osman had performed.

On April 14, 1980, plaintiffs served defendants with a 90-day notice of intent to commence action. The instant action was filed on July 24, 1980.

Trial of this action was scheduled to begin on February 25, 1985. Defendant Osman filed a motion for summary judgment on January 8, 1985, in which defendant Indio Community Hospital later joined. In support of the motion defendants submitted a request for admissions together with a notice that the facts stated therein were deemed admitted. Defendants also submitted brief excerpts from the deposition of each plaintiff.

The points and authorities in support of the motion included this statement: "Although not part of this formal motion, the court may well wish to address, *sua sponte*, the provisions of California Code of Civil Procedure Section 583(a) and dismiss the action for failure to prosecute in a timely fashion. Since the time of filing the action on July 24, 1980, almost four and one-half years have passed and the action is still not at trial."

In opposition to the summary judgment motion plaintiffs submitted points and authorities but did not offer any evidence nor did they provide the court with a statement of disputed and undisputed facts. The two-page memorandum of points and authorities responded to the statute of limitations issue but it did not discuss plaintiffs' diligence in prosecuting the action.

The motion for summary judgment was argued on February 15, 1985. The argument centered mainly on the issue of the statute of limitations.

Defense counsel referred briefly to plaintiffs' alleged lack of diligence in prosecuting the action and also remarked on plaintiffs' failure to submit a statement of disputed and undisputed facts. Plaintiffs' counsel did not respond to these arguments and the court did not refer to them.

On February 21, 1985, just four days before the scheduled trial date, the court issued its ruling by minute order, stating: "The motion for Summary Judgment is granted pursuant to Sections 364 and 356 Code of Civil Procedure. The one year and ninety days ran before the filing. The action is also dismissed for failure to prosecute in a timely fashion (Code of Civil Procedure 583(a)). Motion for Relief from Admissions is moot."

An "Order of Summary Judgment" was signed and filed on February 28, 1985. It stated in relevant part: "It is Ordered, Adjudged and Decreed that plaintiffs Jerrie and Donald Gilbertson take nothing by their complaint . . . ." This document was entered in the judgment book.

On March 6, 1985, the court signed an "Order and Judgment of Dismissal" providing that the motion for summary judgment "is granted" and the action "is thereby dismissed, in its entirety and with prejudice." This document was filed and entered in the judgment book on March 8, 1985.[1]

Plaintiffs' notice of appeal, filed on April 25, 1985, states that plaintiffs appeal from "the judgment rendered against them on March 8, 1985."

I

If an action is not brought to trial within three years, the court may in its discretion dismiss the action for delay in prosecution. (Code Civ. Proc., §§ 583.410, 583.420.) This action may be taken either on the court's own motion or on motion of the defendant. (Code of Civ. Proc., § 583.410.)

A defendant seeking to dismiss an action under the discretionary dismissal provisions must serve and file a notice of motion "at least 45 days before the date set for hearing of the motion." (Cal. Rules of Court, rule 373(a).) If the plaintiff moves to specially set the case for trial, however, the court may dismiss on its own motion without any prior notice because the motions to advance and dismiss "encompass the same considerations."

---

[1] The entry of two separate judgments in the same action raises obvious questions but our resolution of the issues tendered by the parties makes it unnecessary to consider them.

(*Wilson* v. *Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554, 561 [194 Cal.Rptr. 773, 669 P.2d 9].) In other settings, the court is required to give notice to the plaintiff before taking the drastic action of dismissing on its motion: ██ "Obviously, where the court itself initiates a motion to dismiss, due process demands notice to the plaintiff adequate to defend against the charge of procrastination." (*Id.*, at p. 561, fn. 7.)

Here plaintiffs did not bring a motion to specially set (a trial date had already been set and was imminent) and the issues raised by defendants' motion for summary judgment were entirely distinct from the issues presented by a motion to dismiss for failure to prosecute. Accordingly, the trial court could not dismiss on its own motion without affording plaintiffs the notice demanded by due process.

Defendant Osman argues that plaintiffs had sufficient notice of the possibility of a dismissal for failure to prosecute because he had suggested this course of action to the court in his memorandum of points and authorities in support of the motion for summary judgment.

The argument is not persuasive. If the court is initiating a motion to dismiss, the court must itself give notice of this fact to the plaintiff by an order to show cause (see *Tate* v. *Superior Court* (1975) 45 Cal.App.3d 925, 927-928 [119 Cal.Rptr. 835]) or similar means. To allow a mere suggestion by a defendant to trigger a plaintiff's duty to respond would place an unnecessary burden on plaintiffs in cases where the court had no intention of initiating the motion. Moreover, it would allow a defendant's suggestion to substitute for an act of judicial discretion in deciding whether to initiate the motion.

In the present case the court never gave any notice, either before or at the hearing on the motion for summary judgment, that it was initiating a motion to dismiss. No hearing on such a motion was ever noticed, announced, or held. Accordingly, the court could not dismiss the action for failure to prosecute.

II

Section 437c of the Code of Civil Procedure was amended, effective January 1, 1984, to include a requirement that a party moving for summary

judgment submit "a separate statement setting forth plainly and concisely all material facts which the moving party contends are undisputed." Each statement of material undisputed fact must be "followed by a reference to the supporting evidence" and failure to comply with these requirements "may in the court's discretion constitute a sufficient ground for denial of the motion." (Code Civ. Proc., § 437c, subd. (b).)

The responding party is required to submit "a separate statement which responds to each of the material facts contended by the moving party to be undisputed, indicating whether the opposing party agrees or disagrees that those facts are undisputed." The statement must include "any other material facts which the opposing party contends are disputed." References to supporting evidence must also be included and a failure to comply with these requirements "may constitute a sufficient ground, in the court's discretion, for granting the motion." (Code Civ. Proc., § 437c, subd. (b).)

In the present case the moving papers of defendant Osman included a statement of assertedly undisputed facts with references to supporting evidence. Plaintiffs' opposing papers did not include a separate statement identifying disputed and undisputed facts. Defendants now contend that this failure by plaintiffs provides an adequate ground for upholding the judgment in their favor.

As the statute plainly states, the sanction of dismissal is discretionary. The exercise of this discretion should not be presumed but should be made to appear in the record. Here there is no indication the court granted summary judgment as a sanction for a procedural failing rather than on the merits. The court did not mention the procedural failing at the hearing, in the minute order, or in either of the two judgments. Indeed, the minute order states that the summary judgment was granted because "one year and ninety days ran before the filing" and not because the opposition papers were defective.

Had the court granted the motion on the basis of the defect in the opposition papers, the court's action would have been an abuse of discretion in this instance. ■ "The sanction of peremptory dismissal, without consideration of the merits, is fundamentally unjust unless the conduct of a plaintiff is such that the delinquency interferes with the court's mission of seeking truth and justice." (*Morgan* v. *Ransom* (1979) 95 Cal.App.3d 664, 670 [157 Cal.Rptr. 212].)

■ The purpose of a separate statement of disputed and undisputed facts is to assist the court in understanding the issues and locating the relevant

evidence. Consequently, its usefulness is proportional to the complexity of the case and the volume of the evidentiary material. Where, as here, the motion for summary judgment involves relatively simple issues and only a few pages of evidentiary material, the statement does not have great importance. Moreover, there was no showing that the failure was willful or would not have been promptly corrected if called to the attention of plaintiffs' attorney.

Accordingly, plaintiffs' failure to submit a separate statement of disputed and undisputed facts does not provide justification for the order granting summary judgment.

## III

■■■ Under Code of Civil Procedure section 340.5, an action for medical malpractice is barred if not commenced within "one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury."

In measuring the one-year period, account must be taken of section 364 of the Code of Civil Procedure, which requires the plaintiff in a medical malpractice action to give the defendant at least 90 days' prior notice of the intention to commence the action. "If the notice is served within 90 days of the expiration of the applicable statute of limitations, the time for the commencement of the action shall be extended 90 days from the service of the notice." (Code Civ. Proc., § 364, subd. (d).)

Read literally, this provision results in a "Catch-22" situation because the 90-day period of prohibition and the extension of the statute of limitations expire simultaneously, leaving no time for filing the complaint and thus rendering the extension worthless. (See *Banfield* v. *Sierra View Local Dist. Hospital* (1981) 124 Cal.App.3d 444, 459-462 [177 Cal.Rptr. 920]; *Braham* v. *Sorenson* (1981) 119 Cal.App.3d 367, 370-372 [174 Cal.Rptr. 39]; *Gomez* v. *Valley View Sanitorium* (1978) 87 Cal.App.3d 507, 509-510 [151 Cal.Rptr. 97].)

Defendant Osman argues that the proper resolution of this anomaly is to find an implied exception to the prohibition against filing during the 90-day period. Under this interpretation, a plaintiff who serves a notice of intention less than 90 days before the expiration of the limitations period would

receive the extension of the limitations period provided in subdivision (d) and would be able to commence the action at any time during the 90-day period.

This interpretation has nothing to recommend it. The purpose of the notice of intention is to guarantee at least a 90-day period for negotiation and settlement before a malpractice action is filed. An exception to the filing prohibition would defeat this purpose. Without the filing prohibition, moreover, the extension of the limitations period is pointless.

The correct resolution of the problem is the one supported by existing authority. Section 364 should be read together with section 356, which suspends the running of a limitations period during any time in which a plaintiff is prevented by statute from commencing an action. As a plaintiff is prevented from commencing a medical malpractice action for 90 days following service of a notice of intent, the running of the one-year period is suspended during this time, at the end of which the plaintiff has the unexpired portion of the one year in which to commence the action. (*Hilburger* v. *Madsen* (1986) 177 Cal.App.3d 45, 52 [222 Cal.Rptr. 713]; *Banfield* v. *Sierra View Local Dist. Hospital, supra,* 124 Cal.App.3d at p. 459.)

In the present case the notice of intent was served on April 14, 1980, and the action was filed on July 24, 1980. Counting back one year and ninety days from the filing date, the action would be barred if plaintiff Jerrie Gilbertson discovered her cause of action before April 25, 1979, so the remaining issue is whether defendants have established, with the degree of certainty required on a motion for summary judgment, the discovery by plaintiff Jerrie Gilbertson of her cause of action for medical malpractice before April 25, 1979.

 The term "injury" in section 340.5 means both the physical condition and its negligent cause: "Thus, once a patient knows, or by reasonable diligence should have known, that he has been harmed through professional negligence, he has one year to bring his suit." (*Gutierrez* v. *Mofid* (1985) 39 Cal.3d 892, 896 [218 Cal.Rptr. 313, 705 P.2d 886].) A patient will be charged with knowledge of her injury if her reasonably founded suspicions have been aroused and she has become alerted to the necessity for investigation and pursuit of her remedies. (*Id.,* at p. 897.)

While the doctor-patient relationship continues to exist, the degree of diligence required of the patient in ferreting out and learning of the negligent cause of her condition is diminished. (*Sanchez* v. *South Hoover Hospital* (1976) 18 Cal.3d 93, 102 [132 Cal.Rptr. 657, 553 P.2d 1129]. See also, *Brown* v. *Bleiberg* (1982) 32 Cal.3d 426, 438, fn. 9 [186 Cal.Rptr. 228, 651 P.2d 815].) "The best medical treatment sometimes fails, or requires

long and difficult recuperation, or produces bad side effects. Thus, even if a patient is unhappy with his condition, he may not suspect he has been wronged. Lacking medical knowledge, he may reasonably rely upon his negligent physician's soothing disclaimers." (*Gutierrez* v. *Mofid, supra,* 39 Cal.3d at p. 899.)

■ The standard of review is clear: "The drastic remedy of summary judgment may not be granted unless reasonable minds can draw only one conclusion from the evidence." (*Enfield* v. *Hunt* (1979) 91 Cal.App.3d 417, 419-420 [154 Cal.Rptr. 146]. See also, *Brown* v. *Bleiberg, supra,* 32 Cal.3d at p. 434.)

■ Here plaintiff Jerrie Gilbertson was aware, before April 25, of the vaginal leaking of urine. She was concerned enough about this development to contact defendant Osman, who arranged to have a diagnostic procedure performed. There is no evidence of what Dr. Osman told Jerrie Gilbertson concerning the leakage or of what she may or may not have suspected at that time. So far as the evidence shows, Jerrie Gilbertson received no information about the cause of the leakage until April 30, when she learned there was a hole in her bladder. She also learned that the area in question had been sutured and that this was not normal with the type of operation Dr. Osman had performed.

The issue is whether a person in Jerrie Gilbertson's position would reasonably suspect both that she had suffered appreciable harm and that it was caused by professional negligence. Her position includes the doctor-patient relationship with Dr. Osman, which had not terminated by April 25, and therefore the issue must be resolved in light of the diminished duty of inquiry while a doctor-patient relationship continues.

■ On the facts presented here, the running of the statute of limitations presents a triable issue of fact. The vaginal leakage of urine following a hysterectomy is not the kind of injury which would cause a reasonable person, during a continuing doctor-patient relationship, to suspect she had been harmed by professional negligence. Distressing though it certainly would be, a patient recovering from a hysterectomy would not necessarily appreciate the seriousness of a vaginal leakage of urine, nor would she know whether it indicated negligence. A patient in this situation should not be charged, as a matter of law, with knowledge of the injury and its negligent cause during a brief period (here less than a week after appearance of the symptom) while she sought an explanation and treatment from the doctor who performed the operation.

The judgments filed in this matter on February 28, 1985, and March 8, 1985, are reversed.

Campbell, P. J., and Kaufman, J., concurred.