[No. E002750. Fourth Dist., Div. Two. Jan. 13, 1987.]

MAXINE GRIMM, Plaintiff and Appellant, v.
JOEL THAYER, Defendant and Respondent.

**[Opinion certified for partial publication.[1]]**

[1]Part I is not published; it does not meet the standards for publication contained in rule 976(b), California Rules of Court.

COUNSEL

Simke, Chodos, Silberfeld & Anteau and Deborah Ashby McNulty for Plaintiff and Appellant.

Kirtland & Packard and Dean A. Alper for Defendant and Respondent.

## Opinion

**HEWS, J.**—Plaintiff Maxine Grimm has appealed from a judgment in favor of defendant Joel Thayer following the granting of Thayer's motion for summary judgment. Plaintiff's action against Thayer and others seeks recovery of personal injury damages based upon the professional negligence of health care providers. Summary judgment was granted on the ground that the action against defendant Thayer was barred by the applicable one-year statute of limitations (§ 340.5.)[2]

The issues on appeal are: (1) whether plaintiff was "ignorant of the name" of defendant Thayer within the meaning of section 474 so that an amendment naming him in place of a Doe defendant would relate back to the filing of the original complaint and (2) whether plaintiff's notice of intention to sue (§ 364) tolled or suspended the limitations period as against Doe defendants.

### Facts

Plaintiff was injured in an automobile accident on November 21, 1981, and was taken to Desert Hospital for treatment. X-rays were promptly taken of plaintiff's head and neck region and she was told by her treating physician, Ali Tahmouresie, that she did not have a fracture of her neck or at least that the X-rays did not show a fracture.

Plaintiff continued to experience pain in her neck and on November 24 or 25 a new X-ray (tomogram) was taken and plaintiff was advised she had a cervical compression fracture with a small bone fragment located in the spinal canal. Surgery was thereafter performed and plaintiff remained at Desert Hospital until December 22, 1981. At the time of her discharge plaintiff had already formed the opinion that an initial misdiagnosis of her condition had caused her to sustain injuries which are the subject of the present action.

Plaintiff served Desert Hospital and Dr. Tahmouresie with a notice of intention to sue health care provider (§ 364) on November 19, 1982. Plaintiff filed suit on February 9, 1983, naming as defendants Desert Hospital, Dr. Tahmouresie, and Does 1 through 100. Plaintiff amended her complaint on

---

[2]All statutory references are to the Code of Civil Procedure.

March 22, 1984, to name Dr. Joel Thayer as Doe 1. Dr. Thayer was the person who had interpreted the first X-rays of plaintiff's neck, concluding that the X-rays were normal and that there appeared to be no fractures.

The summary judgment motion of defendant Thayer was based on alternative grounds. Defendant Thayer asserted that plaintiff knew his identity and the facts giving rise to her cause of action against him no later than December 1982, well before she filed suit, and therefore the action was barred because plaintiff could not claim the benefit of the relation-back doctrine. In addition, defendant maintained that the action was barred because suit was commenced more than one year after plaintiff discovered her cause of action. The suit was timely as to Desert Hospital and Dr. Tahmouresie only because plaintiff served them with a notice of intention to sue health care provider, thereby invoking the provisions of sections 364 and 356 which suspend the running of the limitations period for 90 days. This suspension did not operate against himself, Thayer argued, because subdivision (e) of section 364 states that the provisions of the section do not apply to Doe defendants.

The trial court issued its ruling by minute order, stating: "The summary judgment motion of defendant Joel D. Thayer is granted. [¶] On Nov. 21, 1985 [sic] X-rays were taken of plaintiff that showed no fracture. On November 24, 1981 another set of X-rays were taken that showed a compression fracture and a small bone fragment in plaintiff's spinal canal. On Nov. 25, 1981 plaintiff was made aware of the new X-ray findings. [¶] Since plaintiff was aware of her problems by November 25, 1981, reasonable diligence on her part would have discovered the name of defendant Thayer before she filed her law suit, and before she filed her notice of intention to file an action."

I*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

II

■ Defendant Thayer's remaining contention is that plaintiff's action against him is barred by the statute of limitations because suit was commenced more than one year after plaintiff discovered her cause of action (see § 340.5) and because the statute was *not* tolled or suspended as against Doe defendants by giving a notice of intention to commence an action against a health care provider.

---

*See footnote 1, *ante,* page 866.

Section 364 was enacted in 1975 as part of the Medical Injury Compensation Reform Act. (See 4 Witkin, Summary of Cal. Law (8th ed., 1984 Supp.) Torts, § 516B.) It provides in subdivision (a) that "[n]o action based upon the health care provider's professional negligence may be commenced unless the defendant has been given at least 90 days' prior notice of the intention to commence the action." The statute provides in subdivision (d) that "the time for the commencement of the action shall be extended 90 days from the service of the notice" if the notice is served "within 90 days of the expiration of the applicable statute of limitations." The provision on which defendant Thayer relies is subdivision (e), which states: "The provisions of this section shall not be applicable with respect to any defendant whose name is unknown to the plaintiff at the time of filing the complaint and who is identified therein by a fictitious name, as provided in Section 474."

■ The 90-day notice requirement of section 364 triggers section 356, which excludes from the limitation period any time during which a statutory prohibition against filing suit is in effect. The net result is that in the ordinary case, as against named defendants, when timely notice has been given, the limitations period is one year plus 90 days from the date of the plaintiff's discovery of the cause of action. (*Gilbertson* v. *Osman* (1986) 185 Cal.App.3d 308, 317 [229 Cal.Rptr. 627]; *Hilburger* v. *Madsen* (1986) 177 Cal.App.3d 45, 52 [222 Cal.Rptr. 713].)

■ As defendant Thayer interprets subdivision (e) of section 364, the suspension of the limitations period during the 90-day notice period would affect only the named defendants served with the notice. Suit against Doe defendants would have to be commenced within one year after the plaintiff's discovery of the cause of action.

Plaintiff, on the other hand, would interpret subdivision (e) to mean only that the 90-day notice need not be given to Doe defendants before amending the complaint to name them. Plaintiff argues that defendant Thayer's interpretation would result in a Hobson's choice for plaintiffs' attorneys who serve a notice of intention less than 90 days before the expiration of the one-year limitations period. The attorney would have to either (1) file suit during the 90-day period and before the one-year period expires, thereby preserving the action against Doe defendants but violating the prohibition of section 364 and exposing the attorney to professional disciplinary action (see § 365), or (2) allow the 90-day period to elapse before filing suit, thereby losing forever the right to sue Doe defendants.

■ Statutes are to be construed so as to effect the intent of the Legislature. (*People* v. *Ruster* (1976) 16 Cal.3d 690, 696 [129 Cal.Rptr. 153, 548 P.2d 353, 80 A.L.R.3d 1269].) A construction which is reasonable, fair, and

harmonious with a statute's manifest purpose is to be preferred over a construction which would produce absurd consequences. (*In re Eric J.* (1979) 25 Cal.3d 522, 537 [159 Cal.Rptr. 317, 601 P.2d 549]; *Younger* v. *Superior Court* (1978) 21 Cal.3d 102, 113 [145 Cal.Rptr. 674, 577 P.2d 1014].)

The purpose of section 364 is "to permit both parties in a malpractice claim a chance to negotiate outside the structure and atmosphere of the formal litigation process." (Jenkins & Schweinfurth, *California's Medical Injury Compensation Reform Act: An Equal Protection Challenge* (1979) 52 So.Cal.L.Rev. 829, 963, fn. omitted.)

The interpretation urged by defendant Thayer would provide an incentive to file suit before expiration of the 90-day notice period, the incentive being the preservation of the action as against Doe defendants. This interpretation is clearly inconsistent with the statutory purpose of providing a 90-day period for negotiation before commencement of suit.

Plaintiff's interpretation avoids this unfortunate result while still giving meaning to subdivision (e). In our opinion, plaintiff's interpretation is clearly more consistent with the legislative objective in enacting section 364. Accordingly, the filing of plaintiff's action was timely as against Doe defendants and the summary judgment may not be upheld on either of the grounds urged by defendant Thayer.

The judgment is reversed.

Campbell, P. J., and Kaufman, J., concurred.