[No. B021542. Second Dist., Div. Four. July 21, 1987.]

MARY B. BLACKMAN, Plaintiff and Appellant, v.
RALPH BURROWS, Defendant and Respondent.

## COUNSEL

Thomas E. Rubbert for Plaintiff and Appellant.

Kirtland & Hager and Robert G. Clark for Defendant and Respondent.

## OPINION

COLE, J.* —In this medical malpractice action plaintiff and appellant Mary Blackman (appellant) alleges that defendant and respondent Ralph Burrows, M.D. (respondent) negligently performed a procedure known as a pantopaque myelogram upon her. The specific allegation is that the procedure was so conducted as to allow her to fall from a table after insertion of a radioactive dye and that respondent failed to remove the dye from her body after the fall. Respondent moved for summary judgment, the motion was granted, a subsequent motion for reconsideration was denied, and summary judgment was entered. This appeal followed. We affirm, for procedural reasons.

Given the basis upon which our affirmance will rest, it is not necessary to discuss the merits of the ruling from a substantive viewpoint. Suffice it to say that the motion was based upon respondent's contention that he did not perform the procedure upon appellant but that another physician did. We, thus, do not reach the otherwise tantalizing issues presented by the fact that in earlier discovery respondent had testified that he did perform the procedure and had purported to describe it.

Code of Civil Procedure section 437c, subdivision (b),[1] provides as follows: "The motion shall be supported by affidavits, declarations, admissions, answers to interrogatories, depositions and matters of which judicial notice shall or may be taken. The supporting papers shall include a separate statement setting forth plainly and concisely all material facts which the moving party contends are undisputed. Each of the material facts stated

---

* Assigned by the Chairperson of the Judicial Council.

[1] All further section references are to sections of the Code of Civil Procedure. "Subdivision (b)" refers to the subdivision quoted above.

shall be followed by a reference to the supporting evidence. The failure to comply with this requirement of a separate statement may in the court's discretion constitute a sufficient ground for denial of the motion.

"Any opposition to the motion shall be served and filed not less than 14 days preceding the noticed or continued date of hearing, unless the court for good cause orders otherwise. The opposition, where appropriate, shall consist of affidavits, declarations, admissions, answers to interrogatories, depositions, and matters of which judicial notice shall or may be taken. The opposition papers shall include a separate statement which responds to each of the material facts contended by the moving party to be undisputed, indicating whether the opposing party agrees or disagrees that those facts are undisputed. The statement also shall set forth plainly and concisely any other material facts which the opposing party contends are disputed. Each material fact contended by the opposing party to be disputed shall be followed by a reference to the supporting evidence. Failure to comply with this requirement of a separate statement may constitute a sufficient ground, in the court's discretion, for granting the motion.

"Any reply to the opposition shall be served and filed by the moving party not less than five days preceding the noticed or continued date of hearing, unless the court for good cause orders otherwise.

"Evidentiary objections not made either in writing or orally at the hearing shall be deemed waived.

"The provisions of Section 1005 and the provisions of subdivision (a) of Section 1013, extending the time within which a right may be exercised or an act may be done, do not apply to this section."

In opposing the initial motion, appellant failed to file a timely response as required by subdivision (b). She did lodge, prior to the hearing, points and authorities in opposition, which were just that. They contained an extract of portions of respondent's deposition, legal argument, and nothing more. More specifically, they contained no separate statement at all. In his reply to these papers, respondent specifically pointed to this defect as a basis for granting the motion.

The trial court granted the motion, stating in its minute order, "The court has reviewed plaintiff's lodged (not filed) 'Points and Authorities in Opposition . . . .' This opposition not only was not timely filed and served, apparently, according to plaintiff's counsel, it was filed in the wrong district; however, plaintiff has not presented a conformed copy to show the opposition was filed at all. Defendant objects to the Court considering this

opposition because of its untimeliness and the Court sustains that objection. *Moreover, even if the opposition were to be considered it is improper because it does not contain the required separate statement responding to statement of undisputed facts. CCP 437c(b)*[.] *The motion would be granted on that failure alone.* (Italics added.) . . . The motion for summary judgment is granted without prejudice to a proper and *timely* motion for reconsideration pursuant to CCP 1008(a)."

Appellant did file a motion for reconsideration within the time limits of section 1008, subdivision (a). Quite curiously, in light of the comments in the court's minute order concerning the lack of a separate statement, none was included in the motion for reconsideration. No declaration or affidavit accompanied it and it largely repeated the matters set forth in the original lodged opposition. There was one paragraph of argument about a "newly perceived issue" as to whether two physicians may have participated in certain aspects of the procedure. Another paragraph argued that the question was whether respondent participated in the procedure. Respondent again pointed out the failure to file a separate statement. The court denied the motion for reconsideration, this time making no comment.

## DISCUSSION

■ Subdivision (b) explicitly gives the trial court discretion to grant a motion for summary judgment when an opposing party fails to comply with the requirement of a separate statement. In this setting, as in others involving the exercise of discretion, it is not the function of an appellate court to substitute its own view as to the proper decision. Rather, an abuse of discretion by the trial court must be shown—action which is arbitrary or capricious or without any basis in reason. (*Bailey* v. *Taaffe* (1866) 29 Cal. 422, 424; *Brown* v. *Newby* (1940) 39 Cal.App.2d 615, 618 [103 P.2d 1018].)

In the context of the exercise of discretion under subdivision (b), it has been said that, "it should not be presumed but should be made to appear in the record." (*Gilbertson* v. *Osman* (1986) 185 Cal.App.3d 308, 315 [229 Cal.Rptr. 627].) In *Gilbertson,* the trial court had granted a motion for summary judgment without mentioning, either at the hearing on the motion or in its minute order, the fact that the opposing party had failed to file the required separate statement. In dictum, the *Gilbertson* court stated that had the motion been granted on the basis of a failure to provide a separate statement it would have been an abuse of discretion, apparently because of the failure of the court to call the defect to the attention of the opposing counsel and because the case involved only a relatively simple issue (statute of limitations) with only a few pages of evidentiary material. In the latter

instance, the court said, a separate "statement does not have great importance." (At pp. 315-316.)

■ In our case, there clearly was no abuse of discretion. The language of the statute is clear. We have not been provided with a reporter's transcript of the hearings on the motion for summary judgment and for reconsideration, but the written record is clear. Respondent pointed out the lack of a separate statement in his reply to the opposition to the summary judgment motion, and the trial court explicitly based its order granting the motion on this ground, among others. Appellant was afforded the opportunity to file a proper motion for reconsideration and, again, failed to provide a separate statement. This defect, too, was called to the court's attention in respondent's papers opposing reconsideration. This document was served on appellant nine days before the hearing on the motion, but our record shows nothing being done by her to remedy the defect. "This failure alone justifies the granting of . . . [the] motion for summary judgment. [Citation.]" (*Reid* v. *State Farm Mut. Auto. Ins. Co.* (1985) 173 Cal.App.3d 557, 572 [218 Cal.Rptr. 913].)

Our own examination of the moving and opposing papers presented to the trial court indicate a need for the separate statement. It is difficult to match up appellant's precise contentions with respondent's facts alleged to be without dispute. Without adopting the *Gilbertson* dictum, which seemingly ignores the clear statutory mandate and denigrates the need for such a statement in some cases, one was needed here even if the statute is regarded as being more flexible than we conceive it to be.

■ Appellant earnestly argues that her memorandum of points and authorities was sufficient to comply with the separate statement requirement. Not so.

It is no answer to say that the facts in appellant's memorandum of points and authorities filed in opposition to the motion constituted compliance with the separate statement requirement. Such an argument does not aid the trial court at all since it then has to cull through often discursive argument to determine what is admitted, what is contested, and where the evidence on each side of the issue is located. Memoranda of points and authorities have long been required in making an opposing motion. If appellant's memorandum of points and authorities sufficed to comply with the new requirement, the statute would be meaningless. We will not assume that when the Legislature amended section 437c to adopt the separate statement requirement it intended to do an idle thing.

A properly prepared separate statement, in contrast, can materially ease the trial court's burden. While it is not required, it is preferable that the

statement be in a separately bound or filed document not physically attached to the memorandum of points and authorities. In any event, the document must at least be a totally discrete section separate and apart from the memorandum of points and authorities itself. Thus, the moving party should present papers labeled, "Separate Statement of Undisputed Facts." That statment should list in numbered paragraphs without argumentation each material fact necessary to entitle the moving party to summary judgment. And, as required by subdivision (b), immediately following each fact so stated there should be a reference to the supporting evidence, e.g., "declaration of A, paragraph 4," or "deposition of B, page 342," or "opposing party's response to request for admissions number 7."[2]

■ A party opposing a summary judgment motion must file a similar separate statement labeled as such. Subdivision (b) requires that the opposing separate statement respond "to each of the material facts contended by the moving party to be undisputed, indicating whether the opposing party agrees or disagrees that those facts are undisputed." Thus, the opposing separate statement should list, and preferably quote each of the facts set forth in the moving papers. If the opposing party admits any of the statements set forth in the moving separate statement, the admission should be clearly listed.

A separate statement filed by the opposing party is also required by subdivision (b) to set forth clearly and concisely any material facts which

---

[2]In this case, defendant moving for summary judgment filed a proper separate statement reading, in part, as follows:

*"Separate Statement of Undisputed Facts:*
*Material Facts and References to Supporting Evidence*

"1. FACT: Plaintiff underwent a radiological myelogram on December 22, 1977, during which she slumped or fell to the floor.

"PROOF: Complaint, Paragraph XIX; Deposition of DR. NEWMARK, Page 65, Lines 9-16, and Page 66, Lines 17-21.

"2. FACT: Plaintiff alleges injuries resulting from alleged negligence in the performance of the myelogram.

"PROOF: Allegations of plaintiff, Complaint, Paragraph XIX and XX.

"3. FACT: The myelogram performed on plaintiff on December 22, 1982, was performed by DR. NEWMARK and not by defendant DR. BURROWS, who read the x-rays and dictated the report.

"PROOF:

"Deposition of DR. BURROWS, Page 72, Line 7, to Page 74, Line 27;

"Responses of DR. BURROWS served March 26, 1982, in response to plaintiff's Interrogatories dated February 23, 1982, responses 1 and 2(a), (b) and (c).

"Responses of DR. NEWMARK served September 3, 1982, to plaintiff's Interrogatories served on June 3, 1982, responses 9, 11, 12 and 13.

"Responses of DR. NEWMARK served September 3, 1982, to plaintiff's Requests for Admissions dated June 3, 1982, responses 1 through 11.

"Deposition of DR. NEWMARK, Page 29, Lines 23-25; Page 41, Lines 18-22; Page 65, Lines 9-16; Page 66, Lines 17-21; Page 74, Line 21, to Page 75, Line 4. . . . "

the opposing party contends are disputed but which are not listed in the moving papers.

And, just as is the case with the moving party's separate statement, the opposing party is required by the statute, in connection with each fact which the opposing party disputes, to follow the statement of that fact by reference to the evidence which creates the dispute.[3]

## DISPOSITION

The judgment is affirmed. Respondents to recover costs.

Kingsley, Acting P. J., and McClosky, J., concurred.

---

[3] To illustrate, an opposing statement might say,
"(1) (quoting the moving party's item 1) . . . Admitted;
"(2) (quoting the moving party's item 2) . . . Disputed. See declaration of X, paragraph 3 (or deposition of Y, page 54)."
As noted above, the opposing statement also should list any additional facts said to be disputed together with references to the evidence relied upon to establish those facts.