[No. B047406. Second Dist., Div. Seven. Mar. 3, 1992.]

SECURITY PACIFIC NATIONAL BANK, Plaintiff, Cross-defendant and Respondent, v.
WARREN B. BRADLEY, Defendant, Cross-complainant and Appellant.

**COUNSEL**

Benjamin D. Brown for Defendant, Cross-complainant and Appellant.

Scott Howard Siegel for Plaintiff, Cross-defendant and Respondent.

**OPINION**

**JOHNSON, J.**—This is an appeal from a summary judgment in favor of the plaintiff granted solely on the ground defendant failed to file a separate responsive statement pursuant to Code of Civil Procedure section 437c, subdivision (b). We hold, under the particular circumstances of this case, the court abused its discretion by failing to afford defendant a further opportunity to file a proper separate statement.

FACTS AND PROCEEDINGS BELOW

Plaintiff, Security Pacific National Bank (Bank), filed an action in January 1985 in the Los Angeles County Superior Court alleging breach of a loan

guaranty and fraud by defendant Bradley. Bradley answered and filed a cross-complaint against the Bank. The case was assigned a trial date of September 25, 1989. On July 5, 1989, the Bank moved for summary judgment on its complaint and Bradley's cross-complaint. Bradley, through counsel, opposed this motion, filing points and authorities, and a separate statement of disputed and undisputed facts.

The matter came on for hearing in August 1989. The Bank was represented by the law firm of Lillick & McHose. Bradley appeared in propria persona. The trial court denied the Bank's motion for summary judgment, without prejudice, because the Bank had not submitted the motion in proper form. The court pointed out to the Bank's attorney the motion called on the court to adjudicate facts, not issues, and that this was not the role of a motion for summary judgment. The court then asked the Bank's attorney if he would like to redo the motion. When the attorney asked for further guidance the trial court responded, "Let me tell you what a properly framed motion for summary judgment ought to be prepared like." The court then proceeded with what it described as a "course on summary judgment." When counsel for the Bank indicated he wished to refile the motion in proper form the court, on its own motion, without affording Bradley any opportunity to be heard, vacated the September 1989 trial date and set October 25, 1989, as the date for hearing a new motion for summary judgment to be filed by the Bank.

The Bank filed its second motion for summary judgment and Bradley filed a response. This time, however, Bradley, appearing in propria persona, did not file a separate statement responding to the facts the Bank contended were undisputed.[1] When the second motion came on for hearing, the trial court pointed out section 437c, subdivision (b) requires a separate responsive statement and that none had been filed in connection with the second motion. Having pointed out the procedural defect, the court ruled that based on Bradley's failure to file a separate responsive statement, it was granting the Bank's motion for summary judgment. When Bradley told the court, "I don't understand the summary judgment," the court responded, "Well, I don't give advice, sir. I just rule on cases as they are brought to me." The court

---

[1]Code of Civil Procedure, section 437c, subdivision (b) provides, with respect to motions for summary judgment, "The opposition papers shall include a separate statement which responds to each of the material facts contended by the moving party to be undisputed, indicating whether the opposing party agrees or disagrees that those facts are undisputed. The statement also shall set forth plainly and concisely any other material facts which the opposing party contends are disputed. Each material fact contended by the opposing party to be disputed shall be followed by a reference to the supporting evidence. Failure to comply with this requirement of a separate statement may constitute a sufficient ground, in the court's discretion, for granting the motion."

subsequently entered judgment for the Bank and against Bradley in a sum exceeding $1 million.[2] Bradley filed a timely notice of appeal.

### DISCUSSION

The sole ground for granting the Bank's motion for summary judgment was Bradley's failure to file a separate responsive statement to the Bank's statement of undisputed facts. The trial court never reached the merits of the Bank's motion in either the first or second hearing on the motion. Neither party has briefed the merits on this appeal. ■ Thus, the only issue presented is whether the trial court abused its discretion in granting the Bank's motion because Bradley failed to file a separate responsive statement. (Code Civ. Proc., § 437c, subd. (b).)[3]

Subdivision (b) unquestionably gives the trial court discretion to grant a motion for summary judgment when the opposing party fails to file a separate responsive statement. (*Blackman v. Burrows* (1987) 193 Cal.App.3d 889, 893 [238 Cal.Rptr. 642].) The local rules of the Los Angeles County Superior Court expand on the trial court's discretion in this circumstance. The local rules provide failure to file a separate responsive statement "may result in the motion being granted or in the continuance of the motion to permit the filing of a proper statement, and an award of fees and costs as a condition of the continuances for purposes of compliance with the statute." (L.A. Sup. Ct., Law and Discovery Policy Manual, [¶] 207 [hereinafter LDPM].)

■ We do not lightly overturn a trial court's exercise of discretion. It is not the function of an appellate court to substitute its own view as to the proper decision. (*Blackman v. Burrows, supra*, 193 Cal.App.3d at p. 893.) At the same time, we recognize there may be circumstances in which the trial court's action is arbitrary or capricious or without any basis in reason so as to amount to a miscarriage of justice. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566 [86 Cal.Rptr. 65, 468 P.2d 193].) Under such circumstances we not only have the power, we have the duty, to reverse the trial court's decision. (*Fay v. Mundy* (1966) 246 Cal.App.2d 231, 235 [54 Cal.Rptr. 591].) This is such a case.

■ We begin our analysis by observing the trial court did *not* abuse its discretion in refusing to proceed with the motion in the absence of defendant's separate responsive statement. "Separate statements are required not

---

[2]The court also granted summary judgment to the Bank on Bradley's cross-complaint on essentially the same ground, failure to file a separate statement of undisputed facts. Our grounds for reversing the judgment on the Bank's complaint apply equally to our reversal of the judgment on the cross-complaint.

[3]Unless otherwise noted, all section references are to the Code of Civil Procedure. "Subdivision (b)" refers to section 437c, subdivision (b) quoted in footnote 1, *ante.*

to satisfy a sadistic urge to torment lawyers, but rather to afford due process to opposing parties and to permit trial courts to expeditiously review complex motions for . . . summary judgment to determine quickly and efficiently whether material facts are disputed." (*United Community Church* v. *Garcin* (1991) 231 Cal.App.3d 327, 335 [282 Cal.Rptr. 368].) ■ Only when a case involves a single, simple issue with minimal evidentiary support will a trial court consider the merits unaccompanied by a separate statement. (See, e.g., *Gilbertson* v. *Osman* (1986) 185 Cal.App.3d 308, 316 [229 Cal.Rptr. 627].) In the present case, the trial court expressed inconsistent views as to the complexity of the issues. In the first hearing the court characterized the case as "rather simple." At the second hearing the court characterized the case as a "complicated" one which would take "hours and hours and hours [to] unravel" without the aid of a separate responsive statement. In any event, our review of the record persuades us this is not a case where the issues and evidence are so simple that no responsive statement need be required.

■ The abuse of discretion lies in the trial court's failure to give Bradley a further opportunity to file a separate responsive statement. ■ " 'Discretion is abused whenever . . . the court exceeds the bounds of reason, all of the circumstances before it being considered.' " (*Denham* v. *Superior Court, supra,* 2 Cal.3d at p. 566.) When the opposing party fails to file a separate responsive statement the trial court is presented with two choices. It can grant the motion for summary judgment based on the absence of the separate statement or it can continue the motion or otherwise permit the filing of a proper separate statement. (§ 437c, subd. (b); LDPM, § 207.) Whichever choice the court makes must be based on the circumstances before the court. "A trial court's exercise of discretion will be upheld if it is based on a 'reasoned judgment' and complies with the '. . . legal principles and policies appropriate to the particular matter at issue.' " (*Bullis* v. *Security Pac. Nat. Bank* (1978) 21 Cal.3d 801, 815 [148 Cal.Rptr. 22, 582 P.2d 109, 7 A.L.R.4th 642].) ■ As we explain below, in this case there were no circumstances which gave the trial court reason to grant the motion based solely on the absence of a separate responsive statement and the court's order was contrary to the appropriate legal principles and policies. On the other hand, there were numerous circumstances and policies which gave reason to afford Bradley an opportunity to file a proper responsive statement.

The Bank suggests two factors which support the trial court's choice of the first alternative—granting the motion based on lack of a separate responsive statement.

The first factor the Bank suggests is that the case is complex. This explains why a separate responsive statement was required but it does not

explain why it was a sound exercise of discretion not to afford Bradley an opportunity to supply one. *Blackman* v. *Burrows, supra,* relied on by the Bank, is distinguishable on its procedural facts. In *Blackman,* the court granted the motion for summary judgment based, in part, on the opposing party's failure to file a separate responsive statement. However, the court, on its own motion, granted the motion " 'without prejudice to a proper and *timely* motion for reconsideration.' " (193 Cal.App.3d at p. 893.) The opposing party filed a timely motion for reconsideration but again failed to file a separate responsive statement. The trial court denied the motion for reconsideration. The appellate court held granting the motion for summary judgment based on the lack of a separate responsive statement was not an abuse of discretion. The court noted, "the trial court explicitly based its order granting the motion on this ground, among others [and] appellant was afforded the opportunity to file a proper motion for reconsideration and, again, failed to provide a separate statement." (*Id.* at p. 894.) In our case, the facts are just the opposite of those in *Blackman.* Here, the court denied the *moving party's* first motion for summary judgment without prejudice due to *its* failure to file a proper statement of undisputed facts. The *opposing party* did file a separate responsive statement to the first motion. But, when the second motion came on for hearing and the opposing party failed to file a separate responsive statement, the court granted the motion on that ground alone and entered a final judgment against the opposing party. Unlike *Blackman,* the opposing party in this case, Bradley, was not given an opportunity to cure the defect of failing to file a responsive statement even though the court had previously, on its own motion, afforded a similar opportunity to the Bank and there was no showing Bradley's failure to file a responsive statement was willful or could not have been promptly corrected if given the opportunity.[4]

The Bank argues the second factor supporting the trial court's exercise of discretion is that Bradley was afforded the opportunity to cure the defect because "several remedies were available to him." The Bank does not specify what those remedies were. Even assuming remedies for the court's order, other than this appeal, were available to Bradley, we fail to see how that is relevant to the question whether the order itself was an abuse of discretion. It cannot be seriously contended an order that is arbitrary, capricious or totally lacking in reason is, nevertheless, not an abuse of discretion because a remedy exists to cure the wrong.

---

[4](See discussion, *post,* pp. 98-99.) Although there is language in two appellate court cases stating when the opposing party fails to file a proper separate statement "[t]his failure alone justifies the granting of [summary judgment]" these cases cannot be interpreted to mean granting the motion on this ground is not subject to review for abuse of discretion. (See *Blackman* v. *Burrows, supra.* 193 Cal.App.3d at p. 894, quoting *Reid* v. *State Farm Mut. Auto. Ins. Co.* (1985) 173 Cal.App.3d 557, 572 [218 Cal.Rptr. 913].)

It could also be argued granting the motion was justified on the ground Bradley did not request a continuance in order to file a responsive statement. The short answer is he did not have to. The trial court was well aware of its own local rule authorizing the court, on its own motion, to continue the motion to permit the filing of a proper responsive statement. Indeed, under the local rule, "failure to file a responsive separate statement *usually* results in a continuance of the motion to permit the filing of proper papers and an award of fees and costs as a condition of the continuance for purposes of complying with the statute." (*United Community Church* v. *Garcin, supra,* 231 Cal.App.3d at p. 335. [italics added].) Furthermore, the opposing party in *Blackman* did not ask that the motion be granted without prejudice to a motion for reconsideration. The trial court made that order on its own motion. Even more to the point, counsel for the Bank in this action did not request the motion be denied without prejudice, the trial date be vacated and a new hearing date set for the motion. The trial court did all this on its own initiative.

Notably absent from this action are the usual circumstances which support denial of a continuance: proximity to trial; prejudice to the other party; previous dilatory conduct; or, abuse of pretrial procedures.

There was no trial date because the court, on its own motion, vacated the trial date which was less than three months away so that the Bank could correct its defective statement of undisputed facts and refile its summary judgment motion.

There was no prejudice to the Bank, and the Bank claims none, given the fact the Bank waited four and a half years before filing its motion for summary judgment. The Bank certainly could have waited a short time longer to give Bradley the same opportunity afforded to it to cure a defective statement. The only prejudice to the Bank would have been the cost of its attorney appearing on the day set for hearing the motion. Under the court's local rule, this cost could have been assessed against Bradley as a condition of the continuance.

There was no showing of previous dilatory conduct or abuse of court procedures on the part of Bradley. Indeed, one of the ironies of this case is that Bradley, who was then represented by counsel, filed a responsive statement to the Bank's original separate statement of undisputed facts. It was the Bank's failure to comply with subdivision (b), not Bradley's, which prevented the motion for summary judgment from being heard on the merits when it was originally filed. Yet, it was Bradley, not the Bank, who ultimately paid the price for the Bank's misunderstanding of the law.

While we can find no circumstances which would afford the trial court a reason to grant the Bank's summary judgment motion on a purely procedural basis, we can identify numerous circumstances in this case pointing toward the alternative disposition: continuing the hearing on the motion or otherwise allowing Bradley an opportunity to file a proper responsive statement.

■ It has often been said summary judgment is a "drastic measure" because it deprives the losing party of a trial on the merits. For that reason, it should be "used with caution" so that it does not become a substitute for trial. (*Molko* v. *Holy Spirit Assn.* (1988) 46 Cal.3d 1092, 1107 [252 Cal.Rptr. 122, 762 P.2d 46].) The justification for summary judgment is that it roots out cases in which no triable issues of material fact exist thus alleviating the need for a time-consuming and costly trial and allowing the court to award judgment as a matter of law. (§ 437c, subd. (c); *Corwin* v. *Los Angeles Newspaper Service Bureau, Inc.* (1971) 4 Cal.3d 842, 851 [94 Cal.Rptr. 785, 484 P.2d 953].) However, because of the drastic nature of the measure, success requires a strong showing by the moving party. The affidavits of the moving party are "strictly construed" while those of the opponent are "liberally construed." (*Molko* v. *Holy Spirit Assn., supra*, 46 Cal.3d at p. 1107.) The moving party bears the burden of establishing the claims or defenses of the adverse party are " 'entirely without merit on any legal theory.' " (*Gomez* v. *Ticor* (1983) 145 Cal.App.3d 622, 627 [193 Cal.Rptr. 600].) Any doubts as to the propriety of summary judgment are resolved against the moving party. (*Rickel* v. *Schwinn Bicycle Co.* (1983) 144 Cal.App.3d 648, 653 [192 Cal.Rptr. 732].)

These strict procedural rules for the protection of the opposing party are stripped away when the court grants the motion because of a procedural error by the opposing party. In that case, the moving party's affidavits are not strictly construed. They are not construed at all. The court does not decide whether the undisputed facts entitle the moving party to a judgment as a matter of law. No consideration of the merits takes place. Granting the motion on purely procedural grounds amounts to a windfall for the moving party.

Thus, granting a motion for summary judgment based on a procedural error by the opposing party is equivalent to a sanction terminating the action in favor of the other party. Accordingly, the propriety of the court's order should be judged by the standards applicable to terminating sanctions.

■ Sanctions which have the effect of granting judgment to the other party on purely procedural grounds are disfavored. (*Laguna Auto Body* v. *Farmers Ins. Exchange* (1991) 231 Cal.App.3d 481, 487 [282 Cal.Rptr. 530];

*Ruvalcaba* v. *Government Employees Ins.* Co. (1990) 222 Cal.App.3d 1579, 1581 [272 Cal.Rptr. 541]; *Moyal* v. *Lanphear* (1989) 208 Cal.App.3d 491, 502-503 [256 Cal.Rptr. 296]; *Morgan* v. *Ransom* (1979) 95 Cal.App.3d 664, 670 [157 Cal.Rptr. 212].) Terminating sanctions have been held to be an abuse of discretion unless the party's violation of the procedural rule was willful (*Ruvalcaba* v. *Government Employees Ins. Co., supra,* 222 Cal.App.3d at pp. 1583-1584; *Moyal* v. *Lanphear, supra,* 208 Cal.App.3d at p. 503; *Midwife* v. *Bernal* (1988) 203 Cal.App.3d 57, 63 [249 Cal.Rptr. 708]; *Thomas* v. *Luong* (1986) 187 Cal.App.3d 76, 82-83 [231 Cal.Rptr. 631]; *Stein* v. *Hassen* (1973) 34 Cal.App.3d 294, 302 [109 Cal.Rptr. 321]) or, if not willful, at least preceded by a history of abuse of pretrial procedures, or a showing less severe sanctions would not produce compliance with the procedural rule.[5] (*Laguna Auto Body* v. *Farmers Ins. Exchange, supra,* 231 Cal.App.3d at p. 489 ["Where, as here, the record is replete with instances of delay and failure to comply with a court order, dismissal may be proper."]; *McArthur* v. *Bockman* (1989) 208 Cal.App.3d 1076, 1080 [256 Cal.Rptr. 522] [entering default against defendant's abuse of discretion absent "other abusive litigation conduct"]; *Thomas* v. *Luong, supra,* 187 Cal.App.3d at p. 81 [default abuse of discretion where no showing "lesser sanction will serve to protect the legitimate interests of the [other] party")]; *Morgan* v. *Ransom, supra,* 95 Cal.App.3d at p. 670 ["The sanction of peremptory dismissal, without consideration of the merits, is fundamentally unjust unless the conduct of a plaintiff is such that the delinquency interferes with the court's mission of seeking truth and justice."].)

■ In the present case, it is clear Bradley's failure to file a separate responsive statement to the Bank's second motion for summary judgment was not a willful refusal to comply with the statute. Bradley, through his counsel, did file a separate responsive statement to the first motion for summary judgment. He apparently believed, as he argues on appeal, the separate responsive statement he filed to the first motion also applied to the second motion.[6]

Failure to file a new responsive statement was a curable defect from which the Bank suffered no prejudice. Nor is there any showing Bradley had

---

[5]In *Kohan* v. *Cohan* (1991) 229 Cal.App.3d 967, 971 [280 Cal.Rptr. 474], the court held misuse of the discovery process need no longer be willful before *monetary* sanctions can be imposed. The court limited its opinion to monetary sanctions and did not discuss termination sanctions. In our case, the local rule specifically authorizes imposition of a monetary sanction without regard to willfulness. (See p. 93, *ante*.)

[6]This belief was not unreasonable in light of the Bank's statement the second motion was based on "the complete files and records in this action . . . ." The problem with relying on the first responsive statement is that it does not match up with the Bank's second statement of undisputed facts. (See *United Community Church* v. *Garcin, supra,* 231 Cal.App.3d at p. 336, fn. 6.); cf. *Blackman* v. *Burrows, supra,* in which the responding party offered no explanation for filing a separate responsive statement after the need for such a statement was specifically

previously violated any pretrial rules or engaged in any dilatory conduct. ██ Furthermore, a separate responsive statement is not an end in itself. Its purpose is to ease the trial court's burden and put the moving party on notice of the evidence which is disputed by respondent. (*United Community Church* v. *Garcin, supra,* 231 Cal.App.3d at p. 335, 337.) Therefore, unless the trial court has reason to believe no responsive statement would be filed even if the respondent was afforded a reasonable opportunity to file one, the respondent should be afforded that opportunity rather than suffer a judgment not supported by a decision on the merits. (See *Morgan* v. *Ransom, supra,* 95 Cal.App.3d at p. 670.) There is no showing Bradley would not have filed a proper responsive statement given the opportunity to do so. It cannot be assumed because Bradley was unrepresented at the second hearing he could not have obtained counsel to file a responsive statement within a reasonable time. Nor can it be assumed Bradley himself could not have filed a proper response once he was made aware of the need to do so.

## DISPOSITION

The judgment in favor of the Bank on its complaint and on the cross-complaint is reversed. Appellant is awarded costs on appeal.

Lillie, P. J., and Woods (Fred), J., concurred.

---

called to her attention by the trial court and she was given ample opportunity to file such a statement.