Filed 10/2/14  Reghabi v. Gilson CA2/6
## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| KAYKHOSRO REGHABI,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>MICHAEL GILSON,<br><br>    Defendant and Respondent. | 2d Civil No. B248378<br>(Super. Ct. No. 1385773)<br>(Santa Barbara County) |

Kaykhosro Reghabi appeals from the trial court's order imposing terminating sanctions for discovery violations.  We affirm.

### FACTS AND PROCEDURAL HISTORY

Appellant and three other plaintiffs filed a lawsuit against respondent Michael Gilson.[1]  According to the second amended complaint, respondent leased bedrooms within a residence he owned in Santa Barbara to 12 students, including appellant.  It was alleged that the number of tenants exceeded that allowed by law and that respondent failed to repair various defective conditions.  The complaint contained causes of action for breach of contract, breach of the implied warranty of habitability, breach of the covenant of quiet enjoyment, and unjust enrichment.

---

[1] Of the original four plaintiffs, only Reghabi appeals.

On June 7, 2012, respondent's counsel, Ronald Miyamoto, mailed written discovery requests, consisting of form interrogatories, special interrogatories, and a request for production of documents, to appellant's counsel in the trial court, Nadia Yashar. Appellant did not respond. On July 25, 2012, Miyamoto sent letters to Yashar requesting verified responses to the discovery in order to avoid a motion to compel. Yashar told Miyamoto that her firm had not received the discovery requests and agreed to accept them via email as if they had been mailed the same day. Miyamoto emailed the requests to Yashar on July 30, 2012. Appellant again did not respond.

On September 12, 2012, Miyamoto sent another letter to Yashar, this time asking for the discovery responses by September 21, 2012. Appellant's counsel on appeal, Ross Reghabi, informed Miyamoto that he was preparing for a trial but would provide the requested responses by September 27, 2012. He did not.

Respondent moved to compel the responses. On November 7, 2012, the day before the hearing on the motion to compel, Reghabi called Miyamoto.[2] He said that the discovery responses were ready to be served and promised to mail them the next day. He also inquired about a potential settlement.

The next day, the trial court granted the motions to compel and ordered appellant to provide the discovery, without objection, by November 30, 2012. In addition, the court imposed a $250 sanction on appellant and each of the other plaintiffs. The responses were not provided prior to the court-ordered deadline.

In a December 3, 2012, email, Miyamoto asked Reghabi whether he had secured authorization from his clients to attempt a settlement. Reghabi responded that he was having "some difficulty" getting answers from two of his clients but was "working on it and hopefully [would] get answers by [the] end of this week." After receiving no further communication from appellant's counsel, Miyamoto moved for terminating sanctions on December 17, 2012. In a declaration attached to appellant's opposition to the motion, Reghabi asserted that he had not provided the discovery responses by the

---

[2] All references to Reghabi are to appellant's counsel Ross Reghabi rather than to appellant.

court-ordered deadline because he assumed "that it would be in the best interest of [the parties] to concentrate on settlement rather than spending additional time on discoverys [*sic*]."

Appellant's counsel did not appear at the January 31, 2013, hearing on the motion for terminating sanctions. The trial court granted the motion, dismissed the second amended complaint, and imposed monetary sanctions of $1,560. On February 21, 2013, the court entered judgment in favor of respondent.

On the same day, appellant moved for reconsideration based on an allegedly new fact. He claimed to have served the discovery responses on respondent on the day before the terminating sanctions hearing. Respondent disputed that claim, asserting that he did not receive the discovery responses until three weeks after the hearing when appellant attached them to the motion for reconsideration. On March 28, 2013, the court denied the motion for reconsideration but reduced the monetary sanctions to $500. This appeal followed.

## DISCUSSION

We review orders imposing discovery sanctions for an abuse of discretion, resolving any evidentiary conflicts in favor of the trial court's ruling, and reversing only if the court's decision was arbitrary, capricious, or whimsical. (*Ellis v. Toshiba America Information Systems, Inc.* (2013) 218 Cal.App.4th 853, 878.) "Generally, '[a] decision to order terminating sanctions should not be made lightly. But where a violation is willful, preceded by a history of abuse, and the evidence shows that less severe sanctions would not produce compliance with the discovery rules, the trial court is justified in imposing the ultimate sanction.'" (*Los Defensores, Inc. v. Gomez* (2014) 223 Cal.App.4th 377, 390.)

Code of Civil Procedure section 2023.010 lists examples of ways to misuse the discovery process, including by "[f]ailing to respond or to submit to an authorized method of discovery" and "[d]isobeying a court order to provide discovery." (*Id*. at subds. (d), (g).) If a party fails to serve a timely response to a request for interrogatories, on motion the court may issue an order compelling a response. (Code Civ. Proc.,

3

§ 2030.290, subd. (b).)  In addition, "[t]he court shall impose a monetary sanction" against a party who unsuccessfully opposes the motion to compel, "unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust." (*Id.* at subd. (c).)  "If a party then fails to obey an order compelling answers, the court may make those orders that are just, including the imposition of . . . a terminating sanction." (*Ibid.*)  "In lieu of or in addition to that sanction, the court may impose a monetary sanction . . . ." (*Ibid.*)

Appellant contends that his failure to comply with the court order to turn over the discovery responses by November 30, 2012, was not willful because he "assumed it would be in the parties' best interest to focus on settling the case."[3]  Whether appellant had justification for ignoring the court's discovery order, however, is irrelevant to the issue of willfulness.  "A willful failure does not necessarily include a wrongful intention to disobey discovery rules.  A conscious or intentional failure to act, as distinguished from accidental or involuntary noncompliance, is sufficient to invoke a penalty." (*Deyo v. Kilbourne* (1978) 84 Cal.App.3d 771, 787-788.)  Because appellant "understood his obligation, had the ability to comply, and failed to comply," his failure to comply with the court's discovery order was willful. (*Id.* at p. 787.)

The mere prospect of a settlement did not justify appellant's failure to comply.  The settlement discussions were preliminary and appellant had no reason to assume that future discussions would have proven fruitful.  Even if the parties had reached an accord that resolved the case, appellant was still obligated to seek relief from the court's order before disregarding it. (Cf. *Cooper v. American Sav. & Loan Assn.*

---

[3] Confusingly, appellant also argues that it was error for the trial court to find his conduct willful because the discovery statute does not require a "misuse of the discovery process [to] be willful" to justify sanctions. (*Kohan v. Cohan* (1991) 229 Cal.App.3d 967, 971.)  *Kohan* involved monetary sanctions.  Even if appellant is correct that *terminating* sanctions do not require a willfulness finding, it does not aid his cause. (But see *Security Pacific Nat. Bank v. Bradley* (1992) 4 Cal.App.4th 89, 98 & fn. 5 [observing that "[t]erminating sanctions have been held to be an abuse of discretion unless the party's violation of the procedural rule was willful" and distinguishing *Kohan*].)

(1976) 55 Cal.App.3d 274, 287 ["It is no excuse that plaintiffs were lulled into inactivity because settlement negotiations were pending. [A]ttorneys know discovery matters must proceed expeditiously inasmuch as settlement talks can often fail"]; *Turley v. Turley* (1967) 254 Cal.App.2d 169, 173 ["[T]he negotiation of a possible settlement does not excuse the failure to proceed with due diligence in the filing of pleadings, absent some understanding that pleadings need not be filed while negotiations are in process"].)

Appellant also argues that the trial court erred when it refused to reinstate the second amended complaint after he presented evidence that he had served the discovery responses on the day before the terminating sanctions hearing. This issue is not properly before us since appellant fails to include in the record a copy of the order denying his motion for reconsideration. We cannot know, for instance, whether the trial court accepted appellant's assertion that he served the discovery responses by mail on the date that he claims. Respondent asserted that this mailing did not arrive. The court may have disbelieved that the postal service failed appellant twice.

Regardless, "'[b]elated compliance with discovery orders does not preclude the imposition of sanctions. [Citations.] Last-minute tender of documents does not cure the prejudice to opponents nor does it restore to other litigants on a crowded docket the opportunity to use the courts. [Citation.]' [Citations.]" (*Sauer v. Superior Court* (1987) 195 Cal.App.3d 213, 230.)

Respondent was entitled to the discovery responses so that he could prepare a defense against appellant's lawsuit. For six months appellant failed to provide the responses despite respondent's repeated requests and a court order compelling their production. The trial court was well within its discretion in imposing terminating

5

sanctions for this conduct.

DISPOSITION

The judgment is affirmed.  Costs to respondent.

<u>NOT TO BE PUBLISHED.</u>


PERREN, J.


We concur:



GILBERT, P. J.



YEGAN, J.

Denise M. de Bellefeuille, Judge

Superior Court County of Santa Barbara

—————————————

Southern California Law Group and Khosro Reghabi, for Plaintiff and Appellant.

Miyamoto Law and Ronald K. Miyamoto, for Defendant and Respondent.