Filed 2/10/22  Gallo v. Hergot CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| JOHNNY GALLO,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>JAY HERGOT,<br><br>    Defendant and Respondent. | B298875<br><br>(Los Angeles County<br>Super. Ct. No. SC123721) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mark A. Young, Judge.  Affirmed.

John Schlanger for Plaintiff and Appellant.

Jay Hergot, in pro. per, for Defendant and Respondent.

# INTRODUCTION

In this landlord-tenant dispute, Johnny Gallo sued Jay Hergot for nuisance, breach of the covenant of quiet enjoyment, and other causes of action after Hergot evicted Gallo. Gallo appeals from the judgment entered after the trial court imposed terminating sanctions against him for misuse of the discovery process.

Gallo argues his discovery violations did not justify such a drastic remedy. We conclude that, given Gallo's history of discovery abuse and his failure to comply with discovery orders that imposed lesser sanctions, the trial court did not abuse its discretion in imposing terminating sanctions. Therefore, we affirm the judgment of dismissal.

# FACTUAL AND PROCEDURAL BACKGROUND

A. *Gallo Sues Hergot*

Gallo filed this action in February 2015. In his operative third amended complaint he alleged the following:

Gallo leased a residential property in Beverly Hills from Hergot in March 2010. While negotiating the lease, Gallo told Hergot that he intended to make modifications to the property. Relying on "verbal assurances" Hergot "would negotiate in good faith . . . to sell the house to Gallo," Gallo spent $37,000 on modifications, including remodeling the kitchen and a bathroom, installing outdoor lighting, and painting the house. Hergot verbally approved the modifications, some of which were documented in an amendment to the lease (which is not in the

2

record).  Throughout the modification process, Gallo paid Hergot additional security deposits.

Gallo told Hergot about certain unsafe conditions in the house, such as poor wiring and lighting and a pet door that could not be locked, as well as other problems, such as a leak in the pool and a phone that rang in a locked room.  Hergot did not respond to Gallo's complaints or make repairs.  But once a week Hergot would walk around the property for six or seven hours and occasionally videotape Gallo without his consent.

In September 2011 Hergot increased Gallo's rent and began serving Gallo with monthly notices to pay rent or quit.  In June 2012 Hergot served an eviction notice, and Gallo left the property seven months later.  Hergot prevented Gallo from removing his personal property, including a valuable luxury car previously owned by Tupac Shakur.  Gallo alleged causes of action for nuisance, breach of the covenant of quiet enjoyment, breach of the implied covenant of good faith and fair dealing, promissory fraud, retaliatory eviction, unlawful rent increases in violation of Civil Code section 1950.5, and conversion.

 Hergot denied most of Gallo's allegations and claimed Gallo breached the lease, failed to notify Hergot the house needed repairs, failed to pursue mediation, and was lawfully evicted for not paying rent.  Hergot also claimed Gallo agreed in an unlawful detainer case that any personal property he left at the house would belong to Hergot.

B. *Hergot Files a Motion To Compel Interrogatory Responses*

In January and February 2017 Hergot served form interrogatories, requests for admissions, and requests for production of documents on Gallo. Gallo did not respond. Counsel for Hergot wrote counsel for Gallo and offered to give him an extension, but counsel for Gallo did not respond.

Hergot filed a motion to compel interrogatory responses and for monetary sanctions. In opposition to the motion Gallo submitted a declaration stating that his counsel sent him Hergot's discovery by email and that he began preparing responses, but that he lost the discovery and his draft responses when his cell phone stopped working. Counsel for Gallo submitted a declaration stating he sent the discovery to Gallo by email and "made several attempts to prompt [Gallo] to complete the discovery responses."

On May 9, 2017 the trial court ordered Gallo to respond to the interrogatories within 10 days and pay Hergot $2,060 in sanctions within 30 days. Gallo did not respond within 10 days or pay the $2,060.

C. *Hergot Files a Motion To Compel Gallo's Deposition*

Hergot served a notice of Gallo's deposition, which included a request for Gallo to produce certain documents, that set the deposition for November 10, 2017.[1] On November 9, 2017 counsel

---

[1] Hergot tried to schedule Gallo's deposition earlier, but had difficulty getting Gallo to agree to a date. Hergot also rescheduled Gallo's deposition twice to accommodate the schedules of counsel of record for Gallo and Steven Lowe, Gallo's

for Gallo informed counsel for Hergot that Gallo was not available the next day and would not be available until after November 30, 2017 because he was working on a movie. Because November 21, 2017 was the last day for Hergot to file a motion for summary judgment, and Hergot needed Gallo's testimony and the documents to prepare the motion, counsel for Hergot refused to reschedule Gallo's deposition. Gallo failed to appear for his deposition on November 10, 2017.

On November 16, 2017 the trial court heard a motion by Hergot to compel Gallo to appear at his deposition and produce documents. Observing there "appears to be no excuse for Plaintiff's deposition not having occurred," the court ordered the parties to complete Gallo's deposition by January 31, 2018. The court continued the final status conference and trial dates for four months.

Gallo's deposition began on January 18, 2018. Gallo produced some documents, and counsel for Hergot questioned him about the location of other documents that supported Gallo's claims. Gallo's testimony suggested he had access to other potentially responsive documents.[2] He also testified that, rather than producing documents that were responsive to Hergot's February 2017 requests for production of documents, Gallo gave

---

former attorney, whom Hergot wanted to depose before deposing Gallo.

[2] Gallo testified he had documents stored at a friend's house and on Gallo's computer (which was in his sister's house), but Gallo did not provide their addresses or telephone numbers.

the documents to his former attorney, Steven Lowe, prior to Lowe's deposition in November 2017.

### D. *Hergot Files Another Motion To Compel Gallo's Deposition*

The second session of Gallo's deposition was scheduled for February 15, 2018. Gallo did not appear, but his attorney did and reported that his client was late because of "heavy traffic." After waiting 30 minutes, counsel for Hergot asked the court reporter for an affidavit of non-appearance.

Hergot filed a motion to compel Gallo to attend his deposition and produce documents and for monetary or terminating sanctions. On April 5, 2018 the trial court ordered that Gallo's deposition take place on one of three dates between April and June 2018, continued the final status conference and trial for four more months, and denied Hergot's request for monetary sanctions.

### E. *The Court Grants Hergot's Motion for Sanctions in November 2018*

Gallo's deposition resumed on June 6, 2018. Gallo again testified about documents supporting his claims that he had not yet produced, including receipts from contractors, invoices, police reports, auto insurance cards, and canceled checks. Following the deposition, Hergot served Gallo with a second set of requests for production of documents seeking documents that related to Gallo's claims and that Gallo had identified in his deposition. Gallo served responses stating he would produce responsive documents within five court days (one day before the deadline to

6

file a motion for summary judgment). Gallo did not produce any documents.

Hergot filed a motion for monetary or terminating sanctions for Gallo's continued discovery abuse. On the day Gallo filed his opposition to the motion, he produced (three months after the deadline) a CD containing 208 pages of unnumbered documents with no indication which documents responded to which of Hergot's 68 requests or whether any documents had been lost.

On November 1, 2018 the trial court issued a tentative ruling to deny Hergot's motion for terminating sanctions but to award monetary sanctions. Although there was "unquestionably a history of discovery abuse," the court observed, Gallo had only disobeyed one discovery order (the May 9, 2017 order to serve interrogatory responses within 10 days and pay sanctions within 30 days). The court recognized that Gallo's other discovery abuse "was certainly vexing" to Hergot, but stated that it did not violate a court order. The court "specifically warned" Gallo "failure to obey this order to pay in a timely manner or any other discovery related orders will be grounds for this Court to grant terminating sanctions." The court continued the hearing to November 7, 2018 and ordered counsel to "meet and confer and be specific as to what was requested and what has not been produced."

Following the hearing, counsel for Hergot asked counsel for Gallo to "itemize which of the 208 pages on the CD . . . apply to which of [the] 68 requests" and offered to meet and confer the day before the November 7, 2018 hearing. Counsel for Gallo said he would discuss with his client "the procedure for dealing with the request for production" before the next hearing and would "let [counsel for Hergot] know." On November 6, 2018 counsel for

7

Gallo told counsel for Hergot that he planned to ask the court for more time to produce a complete response and declined to meet and confer.

At the November 7, 2018 hearing, the trial court adopted some of the reasoning in its November 1, 2018 tentative ruling.[3] The court ordered Gallo to pay Hergot $12,000 in sanctions within 14 days, denied Hergot's motion to dismiss, and ordered Gallo to serve "all requested responses, without objection," within 14 days.

F.     *The Court Grants Hergot's Motion for Terminating Sanctions in February 2019*

Gallo did not provide responses or pay the $12,000 in sanctions within 14 days. On January 8, 2019 Hergot filed another motion for terminating sanctions. On January 24, 2019 Gallo served an amended response claiming he had specified which documents responded to which request, as the court had ordered.[4]

On February 6, 2019 the trial court granted Hergot's motion for terminating sanctions. The court ruled Gallo had violated the court's November 7, 2018 order by failing to itemize the documents he had produced and indicate which documents

---

[3]     The court stated: "The Tentative Ruling of November 1, 2018 is NOT adopted. However, the reasoning for the Court['s] following ruling provided in the Tentative Ruling is adopted."

[4]     The amended response is not in the record. In his reply brief in support of his motion for sanctions, Hergot described the amended response as "disorganized and somewhat incomprehensible."

8

were lost or misplaced and by failing to pay the $12,000 in sanctions. The court also listed 10 prior discovery violations Gallo had committed. The court ruled: "Based upon the evidence presented to the Court, [Gallo's] discovery violations appear to be willful and preceded by a history of abuse. The evidence also demonstrates that despite imposing less severe sanctions in the past, and warning [Gallo] that any future violations would result in terminating sanctions, [Gallo] did not comply with the Court's discovery orders. In light of this, and of the court's clear warning on November 1, 2018 that further discovery violations would result in terminating sanctions, the Court believes that less severe sanctions would not be effective."

On March 20, 2019 the court entered judgment for Hergot. On April 3, 2019 Gallo filed a motion for new trial, which the court treated as a motion for reconsideration and denied on May 29, 2019. Gallo timely appealed from the judgment of dismissal.

## DISCUSSION

A. *Applicable Law and Standard of Review*

A court may impose sanctions, including terminating sanctions, "against anyone engaging in conduct that is a misuse of the discovery process." (Code Civ. Proc., § 2023.030.)[5] Misuses of the discovery process include "[f]ailing to respond or to submit to an authorized method of discovery," "[m]aking an evasive response to discovery," and "[d]isobeying a court order to provide

---

[5] Undesignated statutory references are to the Code of Civil Procedure.

discovery." (§ 2023.010, subds. (d), (f), & (g); see *Van Sickle v. Gilbert* (2011) 196 Cal.App.4th 1495, 1516.)

"The trial court may order a terminating sanction for discovery abuse 'after considering the totality of the circumstances: [the] conduct of the party to determine if the actions were willful; the detriment to the propounding party; and the number of formal and informal attempts to obtain the discovery.' [Citation.]  Generally, '[a] decision to order terminating sanctions should not be made lightly.  But where a violation is willful, preceded by a history of abuse, and the evidence shows that less severe sanctions would not produce compliance with the discovery rules, the trial court is justified in imposing the ultimate sanction.' [Citation.]  Under this standard, trial courts have properly imposed terminating sanctions when parties have willfully disobeyed one or more discovery orders." (*Los Defensores, Inc. v. Gomez* (2014) 223 Cal.App.4th 377, 390; see *Creed-21 v. City of Wildomar* (2017) 18 Cal.App.5th 690, 702.)

"A court has broad discretion in selecting the appropriate penalty, and we must uphold the court's determination absent an abuse of discretion." (*Lopez v. Watchtower Bible & Tract Society of New York, Inc.* (2016) 246 Cal.App.4th 566, 604.)  We "'view the entire record in the light most favorable to the court's ruling, and draw all reasonable inferences in support of it.'" (*Osborne v. Todd Farm Service* (2016) 247 Cal.App.4th 43, 51; see *Stephen Slesinger, Inc. v. Walt Disney Co.* (2007) 155 Cal.App.4th 736, 765.)  "We accept the trial court's factual determinations concerning misconduct if they are supported by substantial evidence." (*Osborne*, at p. 51.)  "The appellant bears the burden on appeal of demonstrating that the trial court abused its

discretion in imposing a discovery sanction." (*Rutledge v. Hewlett-Packard Co.* (2015) 238 Cal.App.4th 1164, 1191.)

B.    *The Trial Court Did Not Abuse Its Discretion in Issuing Terminating Sanctions Against Gallo*

The trial court acted well within its discretion in concluding Gallo's misuse of the discovery process warranted terminating sanctions.  In its discovery order three months before the order imposing terminating sanctions, the court warned Gallo it would impose terminating sanctions if Gallo violated another discovery order.  Despite the court's warning, Gallo failed to respond to Hergot's second request for production of documents or pay the $12,000 in sanctions.

Substantial evidence supported the court's finding Gallo's discovery violations were willful and part of a pattern and history of abuse.  Gallo repeatedly violated discovery rules and court orders.  When Hergot filed a motion to compel Gallo to respond to form interrogatories, Gallo told the court he did not respond because his cell phone stopped working.  When the court ordered him to respond, he failed to comply with the court-ordered deadline.  On one occasion Gallo canceled his deposition the day before it was scheduled to occur and told counsel for Hergot he would be unavailable for three weeks, which prevented Hergot from taking Gallo's deposition before the deadline to file a motion for summary judgment.  On another occasion Gallo did not appear at his deposition because of traffic.  And he twice failed to pay monetary sanctions.

Hergot tried for two years, beginning in February 2017, to obtain the documents supporting Gallo's claims that he spent $37,000 on improvements to the property, that Hergot had

11

promised to sell the property to Gallo, that Gallo repaired unsafe conditions, and that Hergot took Gallo's personal property. Gallo repeatedly thwarted Hergot's legitimate efforts to obtain this basic discovery.[6] At his deposition in January 2018, Gallo testified he had responsive documents he had not produced that were at a friend's house and on a computer at his sister's house. At his deposition in June 2018, he testified that there were still more responsive documents he had not produced, including receipts and invoices from contractors, and that he gave some responsive documents to his former attorney rather than producing them to Hergot. It was not until October 2018, after Hergot filed his first motion for terminating sanctions, that Gallo finally produced a significant number of documents, and even then the production was incomplete and disorganized.

Substantial evidence also supported the trial court's finding that a sanction less than terminating sanctions had not been, and would not be, effective. On May 9, 2017 the court ordered Gallo to respond to interrogatories within 10 days and to pay $2,060 in sanctions; Gallo did neither. In November 2018 the court ordered Gallo to respond to requests for production of documents within

---

[6] As discussed, Hergot served his first set of requests for production of documents in February 2017, served requests for production of documents with Gallo's deposition notices in January 2018 and June 2018, and served a second set of requests for production of documents in June 2018. Gallo produced some documents at his deposition in January 2018, but none at his deposition in June 2018. It is unclear whether he produced any documents in response to Hergot's February 2017 request. It appears that, as of January 2018, most of the documents Hergot obtained were produced by Lowe in November 2017.

14 days and to pay $12,000 in sanctions; again, Gallo did neither. Gallo's history of disobeying court orders justified terminating sanctions. (See *J.W. v. Watchtower Bible & Tract Society of New York, Inc.* (2018) 29 Cal.App.5th 1142, 1169 ["'a terminating sanction should generally not be imposed until the court has attempted less severe alternatives and found them to be unsuccessful and/or the record clearly shows lesser sanctions would be ineffective'"]; *Parker v. Wolters Kluwer United States, Inc.* (2007) 149 Cal.App.4th 285, 297 [court properly imposed terminating sanctions against a plaintiff who violated discovery orders where two previous monetary sanction orders "did not affect his willingness to cooperate in the discovery process"].)

Gallo argues the trial court abused its discretion in imposing terminating sanctions because some of the 10 previous discovery violations Hergot identified in his motion and the court listed in its order were "insubstantial" (e.g., missing a court-ordered deadline to serve responses) or "remote in time" (e.g., failing to pay a monetary sanction two years earlier). But the court did not issue terminating sanctions for any one of these violations; it issued terminating sanctions because of Gallo's long history of discovery abuse, culminating in his violations of the court's November 17, 2018 order. Gallo's previous discovery violations, substantial and insubstantial, were relevant to show not only that he had a history of misusing the discovery process, but also that lesser sanctions had not succeeded in compelling him to comply with his discovery obligations. (See *Los Defensores, Inc. v. Gomez, supra*, 223 Cal.App.4th at p. 390 [terminating sanctions are appropriate where the violation is willful and preceded by a history of abuse and where the evidence shows less severe sanctions will not produce compliance]; *Liberty*

13

*Mutual Fire Ins. Co. v. LcL Administrators, Inc.* (2008) 163 Cal.App.4th 1093, 1106 ["the sanctioned party's history as a repeat offender is not only relevant, but also significant, in deciding whether to impose terminating sanctions"].)[7]

Gallo similarly argues some of the 10 discovery violations the trial court cited resulted in nothing more than a little delay and no prejudice to Hergot. For example, Gallo argues that, although he served interrogatory responses late, missed deadlines to produce documents, and failed to appear for his deposition, Hergot was not prejudiced because eventually he obtained the responses, documents, and deposition testimony. Gallo cites *Morgan v. Ransom* (1979) 95 Cal.App.3d 664, where the trial court dismissed a self-represented litigant's legal malpractice lawsuit because his interrogatory responses were late and handwritten rather than typed. (*Id.* at p. 668.) The court in *Morgan* reversed the order dismissing the action, concluding there was no showing of prejudice "or even any

---

[7] Gallo's reliance on *Newland v. Superior Court* (1995) 40 Cal.App.4th 608 is misplaced. The court in *Newland* held a trial court may not impose terminating sanctions "solely because of a failure to pay a monetary discovery sanction." (*Id.* at p. 615.) The trial court here did not impose terminating sanctions solely because Gallo failed to pay a monetary sanction, but because Gallo "repeatedly misused the discovery process and disobeyed court orders," most recently the court's November 7, 2018 order. (See *Creed-21 v. City of Wildomar*, *supra*, 18 Cal.App.5th at pp. 702-703 [trial court had discretion to impose terminating sanctions against a party who disobeyed a court order to produce a witness for deposition and pay monetary sanctions].)

14

showing that the interrogatory had any legitimate purpose." (*Id.* at p. 670.)

This case is very different. Unlike the plaintiff in *Morgan*, Gallo (represented by counsel) persistently blocked Hergot's efforts to obtain facts and documents central to Gallo's claims. Gallo's decision to withhold evidence for two years not only deprived Hergot of the information he needed to move for summary judgment and prepare for trial; it also caused Hergot repeatedly to face discovery deadlines governing the filing of motions and to file multiple motions and ex parte applications as those statutory deadlines approached.

Gallo also argues the trial court erred in finding he failed "to provide complete labelled responses to the second request for production of documents." Gallo points to a line from a declaration his attorney submitted in opposition to Hergot's second motion for terminating sanctions that stated, in a conclusory way and without explanation or support, "plaintiff has acceded to defendant's demand that plaintiff state how the documents are related to the demands."

Substantial evidence supported the trial court's finding Gallo did not respond appropriately to Hergot's second set of requests for production of documents. First, it is undisputed Gallo did not comply with the court's deadline: Gallo did not serve an amended response until January 24, 2019, more than two months after the court-ordered deadline of November 21, 2018, and only after Hergot had filed another motion for terminating sanctions.

Second, because Gallo did not include the response in the record on appeal, Gallo cannot meet his burden of showing the trial court's ruling (that Gallo did not comply with section

15

2031.280, subdivision (a), or the court's prior order) was erroneous.[8] (See *Jameson v. Desta* (2018) 5 Cal.5th 594, 609 [the appellant "'has the burden of providing an adequate record,'" and "'[f]ailure to provide an adequate record on an issue requires that the issue be resolved against'" the appellant]; *Herrera v. Doctors Medical Center of Modesto* (2021) 67 Cal.App.5th 538, 547 [same]; *Creed-21 v. City of Wildomar*, *supra*, 18 Cal.App.5th at p. 702 [in reviewing an order imposing terminating sanctions for discovery abuse, we "'resolve all evidentiary conflicts most favorably to the trial court's ruling'" and "'presume the trial court's order was correct and indulge all presumptions and intendments in its favor on matters as to which it is silent'"].)

Third, the evidence that is in the record suggests Gallo's amended response did not comply with the court's November 7, 2018 order. In its February 6, 2019 order, the trial court stated that on November 7, 2018 Gallo had been ordered to "itemize the documents produced in response to Defendant's Second Notice to Produce, and to indicate which documents are lost or misplaced," and that Gallo "failed to comply with this discovery order." Although counsel for Gallo stated that his response matched documents to the requests, counsel for Hergot described the response as "disorganized" and "incomplete" and said the document "refers to File 1-11 throughout . . . yet no Exhibit pages are attached to explain what files 1-11 refer to or what they are. Plaintiff's response to request no. 66 solely refers to files 9 and 11

---

[8]    Former section 2031.280, subdivision (a), in effect in 2019, required a responding party to produce documents either "as they are kept in the usual course of business" or "organized and labeled to correspond with the categories in the demand."

16

which are not attached anywhere. [¶] Furthermore, the page numbering is out of order . . . ." We defer to the trial court's resolution of this issue. (See *Kwan Software Engineering, Inc. v. Hennings* (2020) 58 Cal.App.5th 57, 61, 63 [in reviewing a trial court's ruling that a party misused the discovery process, we ""defer to the court's credibility decisions and draw all reasonable inferences in support of the court's ruling""]; *Osborne v. Todd Farm Service, supra*, 247 Cal.App.4th at p. 51 ["We accept the trial court's factual determinations concerning misconduct if they are supported by substantial evidence."]; *Stephen Slesinger, Inc. v. Walt Disney Co., supra*, 155 Cal.App.4th at p. 765 [in reviewing an order imposing discovery sanctions, we defer to the trial court's credibility determinations].)

## DISPOSITION

The judgment is affirmed.  Hergot is to recover his costs on appeal.


SEGAL, J.


We concur:


PERLUSS, P. J.


WISE, J.*

---

*     Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.